AO 245D (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case for Revocation

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court
## District of Hawaii

SEP 21 2004

at ___ o'clock and 45 min. P M.
WALTER A.Y.H. CHINN, CLERK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| **BRIAN CORPUZ** | (For Offenses committed on or after November 1, 1987) |
| (Defendant's Name) | Criminal Number: 1:01CR00195-001 |
| | USM Number: |
| | Michael Weight, AFPD |
| | Defendant's Attorney |

**THE DEFENDANT:**

[✔]  admitted guilt to violation of conditions <u>Standard Condition No. 9, and Special Conditions No. 3 and No. 11</u> of the term of supervision.

[✔]  was found in violation of conditions <u>General Condition and Special Condition No. 1</u> after denial or guilt.

| **Violation Number** | **Nature of Violation** | **Date Violation Occurred** |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 7050

Defendant's Residence Address:
**Farrington Highway**
**Waipahu, Hawaii 96797**

Defendant's Mailing Address:
**Farrington Highway**
**Waipahu, Hawaii 96797**

SEPTEMBER 16, 2004
Date of Imposition of Sentence

/s/ Susan Oki Mollway
Signature of Judicial Officer

**SUSAN OKI MOLLWAY**, United States District Judge
Name & Title of Judicial Officer

SEP 21 2004
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

| | | |
|---|---|---|
| CASE NUMBER: | 1:01CR00195-001 | Judgment - Page 2 of 5 |
| DEFENDANT: | BRIAN CORPUZ | |

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | Subject refused to report for drug testing | 12/12/03<br>1/19/04<br>1/26/04<br>3/20/04<br>4/26/04<br>6/9/04<br>8/16/04 |
| 2 | Subject consumed alcohol | 12/4/03<br>7/29/04 |
| 3 | Subject failed to participate in substance abuse treatment | 4/20/04 |
| 4 | Subject failed to submit a fine payment | December 2003<br>February 2004<br>May 2004 |
| 5 | Subject associated with a felon | |

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

| | |
|---|---|
| CASE NUMBER: 1:01CR00195-001 | Judgment - Page 3 of 5 |
| DEFENDANT: BRIAN CORPUZ | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  SEVEN (7) MONTHS .

[✓]  The court makes the following recommendations to the Bureau of Prisons:
FDC Honolulu.

[✓]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district.
   [ ]  at ___ on ___.
   [ ]  as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [ ]  before _ on ___.
   [ ]  as notified by the United States Marshal.
   [ ]  as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

CASE NUMBER:      1:01CR00195-001                                                Judgment - Page 4 of 5
DEFENDANT:        BRIAN CORPUZ

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of TWENTY NINE (29) MONTHS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter, as determined by the court.

[ ]  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[✔]  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 1:01CR00195-001 | Judgment - Page 5 of 5 |
| DEFENDANT: | BRIAN CORPUZ | |

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant is prohibited from possessing any illegal or dangerous weapons.

2. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3. That the defendant not consume alcohol while on supervised release

4. The defendant shall participate in sex offender assessment and treatment and abide by the policies and procedures of the program, which may include the plethysmograph, polygraph, and other types of testing, as approved by the Probation Office.

5. The defendant shall not have any type of contact (including written materials, communication devices, audio and visual devices, visits, or through a third party), with children under the age of 18, except in the presence of a adult who is aware of the nature of the defendant's offense and who has been approved by the Probation office.

6. The defendant may change his residence only with the advance approval of the Probation Office.

7. The defendant shall not view, purchase, possess or distribute any sexually stimulating or sexually oriented materials including books, magazines, films, videos, and computer programs unless approved for treatment purposes or frequent any place where such material or entertainment is available, as directed by the Probation Office.

8. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. The defendant shall also submit to periodic unannounced examinations of his computer equipment and computer software. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

9. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

10. That the fine of $1,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.